**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO JESUS; JOAQUIN ANGELINA MIGUEL, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74112 <br><br> Agency Nos.    A098-175-277 <br>                      A098-175-278 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Gilberto Jesus and Joaquin Angelina Miguel, natives and citizens of

Guatemala, petition for review of a Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We deny in part and dismiss in part the petition for review.

Petitioners do not challenge the IJ's dispositive finding that their application for asylum was untimely. Accordingly, their asylum claim fails.

We lack jurisdiction to review Jesus's contention that he suffered past persecution in the form of emotional and psychological harm because he did not raise that argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). With respect to future fear, Jesus's testimony that guerrillas attempted to recruit his father because his father was in good health does not establish Jesus would be persecuted on account of a protected ground. *See Elias-Zacarias*, 502 U.S. at 483; *Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) (to be eligible for withholding of removal, the Real ID Act requires a protected ground to be "one central reason" for the persecution). In addition, substantial evidence supports the agency's finding that Jesus's objective fear of persecution is mitigated by changed country conditions in Guatemala. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010). Accordingly, Jesus's claim for withholding of removal fails.

07-74112

Substantial evidence supports the agency's denial of CAT relief because Jesus failed to establish that it is more likely than not that he will be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005) (the court lacks jurisdiction to review the agency's discretionary determination that a petitioner did not establish an exceptional and extremely unusual hardship).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**